**MARGO A. RAISON, KERN COUNTY COUNSEL**
Robert J. Rice, Deputy (SBN 131255)
Andrew C. Hamilton, Deputy (SBN 299877)
Office of the County Counsel, County of Kern
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805

Attorneys for Defendant Kern County Sheriff's Office

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE and JOHN DOE, <br><br> Plaintiffs, <br><br> vs. <br><br> KERN COUNTY SHERIFF'S OFFICE, THOMAS CRAIG, DOE 1 OROZCO, DOES 2-20, <br><br> Defendants. | Case No. 1:20-cv-01544-JLT <br><br> [~~PROPOSED~~] ORDER GRANTING PROTECTIVE ORDER <br><br> (Doc. 20) |

COME NOW, all Plaintiffs and all Defendants (hereinafter the "Parties") to this matter, and agree and stipulate to a Protective Order, as follows:

1. WHEREAS it is anticipated that Plaintiffs will request portions of the private personnel records of law enforcement members of the Kern County Sheriff's Office ("KCSO"), which qualify as peace officer records under California Penal Code, sections 832.7 and 832.8, and KCSO will be requested to produce the records in discovery;

2. WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the KCSO may be relevant to this action;

3. WHEREAS Defendants are concerned that turning over the KCSO private personnel records without a protective order could result in the violation of the privacy rights of KCSO Deputies including but not limited to those who are parties to this litigation. Further the Defendants do not waive their right to assert certain portions of the personnel files of KCSO Deputies as not relevant to this

1

subject matter and to request an *in camera* proceeding by the court to determine relevance prior to disclosure;

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of the KCSO Deputies including but not limited to those who are parties to this litigation;

5. WHEREAS it is anticipated that Plaintiffs will request portions of the investigation reports, records and evidence, prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office (hereinafter "investigation records"), and KCSO will be requested to produce the records in discovery;

6. WHEREAS the parties agree that discovery of the investigation records may be relevant to this action;

7. WHEREAS Defendants are concerned that turning over the investigation records without a protective order could result in the violation of the privacy rights of witnesses, Plaintiffs; confidential informant(s) and/or KCSO Deputies including, but not limited to, those who are parties to this litigation, and of the investigation privilege;

8. WHEREAS on February 14, 2021 the Court issued a protective order providing for the following:

    a. Plaintiff's complaint, filed on October 30, 2020 (Doc. 1) shall be sealed;

    b. The parties shall refer to the alleged confidential informant by the initials "C.I." in all future pleadings and papers filed in this action;

    c. All parties and their counsel are prohibited from disseminating the true name of C.I., except as necessary to effectively litigate this matter;

    d. All parties and their counsel shall be required to use the pseudonym "Jane Doe" in place of Plaintiff's legal name in all future pleadings and papers filed in this action; and

    e. The parties are prohibited from disclosing or publishing the true name of the Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case.

9. WHEREAS the parties agree that an additional Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of witnesses, Plaintiffs, confidential informant(s) and/or KCSO Deputies including, but not limited to, those who are parties to this litigation;

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:**

10. In connection with discovery proceedings in this action, the parties designate the KCSO's personnel records regarding their Deputies including, but not limited to, those who are parties to this litigation, as CONFIDENTIAL.

11. In connection with discovery proceedings in this action, the parties designate the investigation reports, records and evidence prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office, which is not otherwise available to the public through a public records request, as CONFIDENTIAL.

12. By designating the above matters as CONFIDENTIAL, the Parties certify to the Court that there is a good faith basis both in law and in fact for the designations within the meaning of Federal Rule of Civil Procedure 26(c).

13. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

14. CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

    b. experts and/or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  c. court reporter(s) employed in this action;

  d. a witness at any deposition or other proceeding in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  e. any other person as to whom the parties in writing agree.

15. The receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

16. CONFIDENTIAL material shall not be provided to the news media directly or indirectly in any form or manner.

17. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

18. If a party wishes to file documents with the Court, which contain material designated as confidential, the party shall comply with Local Rules 140 and 141.

19. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

20. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

///

21. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder;

22. Upon termination of this case, counsel for each Party shall assemble and return to opposing counsel all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

23. Any person, or persons, violating this order shall be subject to sanctions and all attorney's fees and costs associated with any related motion.

Dated: May 24, 2021  MARGO A. RAISON, COUNTY COUNSEL

By:   /s/ Andrew C. Hamilton
     ANDREW C. HAMILTON
     Attorneys for the Defendants

Dated: May 24, 2021  GANONG LAW OFFICE

By:   /s/ Philip W. Ganong*
     PHILIP W. GANONG
     Attorneys for the Plaintiffs

* On May 24, 2021, Phillip W. Ganong gave Andrew C. Hamilton permission to attach his electronic signature

IT IS SO ORDERED.

   Dated: **May 25, 2021**       **/s/ Jennifer L. Thurston**
                                                 CHIEF UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the court in the matter of *JANE DOE and JOHN DOE v. Kern County Sheriff's Office, et al.*, Case No. *1:20-cv-01544-DAD-JLT*.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print/type full name] of _____ [print/type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State were sworn and signed: _____

Printed name: _____

Signature: _____