**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-01544-BAK (EPG)<br><br>ORDER TO SHOW CAUSE WHY CONTEMPT SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH SUBPOENAS<br><br>ORDER MODIFYING SCHEDULING ORDER<br><br>(ECF No. 32) |

Defendant County of Kern has served a deposition subpoena on non-party Justin McGee on two occasions, but Mr. McGee has failed to appear both times. Pending before the Court is Defendant's motion for an order to show cause why a contempt citation should not issue to Justin McGee and an order modifying the scheduling order. (ECF No. 32). For the following reasons, the Court grants Defendant's motion.

**I.     Relevant Background**

Plaintiff initiated this action by filing a complaint in this Court on October 30, 2020. (ECF No. 1). Plaintiff contends that she was subjected to an unreasonable search and excessive force by the defendants who conducted a full body search over her protests. (*See id.*) Justin McGee is the spouse of Plaintiff Jane Doe, and according to Defendant, Plaintiff and Mr. McGee were living together at the time of the incident forming the basis of Plaintiff's allegations against Defendants and is likely to hold information relevant to this litigation. (ECF No. 32 at 3; Hamilton Decl. ¶¶ 2-3). Defendant reports

1

that on or around September 2021, County Counsel became aware that Mr. McGee and Plaintiff were likely separated, and therefore the privilege against adverse spousal testimony would likely no longer apply to Mr. McGee.  (ECF No. 32 at 3, citing *Trammel v. United States*, 445 U.S. 40, 53 (1980)).

      Defendant County of Kern reports that it was informed by Plaintiff's counsel that Mr. McGee does not function well in the mornings, and the deposition set on October 5, 2021, was rescheduled to occur on October 13, 2021, at 1:00 p.m.  (ECF No. 32 at 3; Hamilton Decl. ¶ 4).  Defendant reports that it was also informed that Mr. McGee lives in Oildale, California, and on that basis the County set the deposition at Keleher's Certified Shorthand Reporters at 19237 Flightpath Way, Suite 100 Bakersfield, CA 93308, in the same zip code as Mr. McGee.  (ECF No. 32 at 3; Hamilton Decl. ¶ 5).  The notice of the deposition was personally served on Mr. McGee on October 5, 2021.  (ECF No. 32 at 3; Hamilton Decl. ¶ 6).

      Defendant reports that attorneys for each party appeared at the deposition, however, Mr. McGee had not appeared and by 1:30 p.m. had not communicated that he intended to appear or that he was running late and the deposition was suspended.  (ECF No. 32 at 3; Hamilton Decl. ¶ 8).  Mr. McGee did not move to quash or object to the subpoena.  (ECF No. 32 at 3; Hamilton Decl. ¶ 7).

      Defendant reports that after several additional but unsuccessful attempts to reach Mr. McGee to schedule a convenient time for a deposition (Navarro Decl. ¶ 2), the County again served a deposition subpoena on Mr. McGee on February 27, 2022 (Hamilton Decl. ¶ 9) with a cover letter stating that the County would accommodate Mr. McGee, including resetting the deposition over Zoom.  (ECF No. 32 at 3).  The deposition was again set at Keleher's Shorthand Reporters for March 11, 2022, at 1:00 p.m. (ECF No. 32 at 3; Hamilton Decl. ¶ 9).  Again, Mr. McGee failed to appear and the deposition was suspended at 1:30 p.m.  (ECF No. 32 at 3).  However, Defendant reports that at approximately 2:26 p.m., Justin McGee's mother called the Office of County Counsel stating that Mr. McGee requested that she reach out to let the County know that Mr. McGee was very ill with pancreatitis and was unable to attend the deposition and requested that the deposition be set for a later date.  (ECF No. 32 at 4; Navarro Decl. ¶ 3).  Defendant County reports that it has again attempted to reach Mr. McGee to schedule a time for his deposition but has not yet succeeded in arranging a time for the deposition.  (ECF No. 32 at 4; Navarro Decl. ¶ 4).

## II. Discussion

### A. Motion For Order to Show Cause

A court may impose sanctions against a nonparty for failure to comply with a subpoena for document production pursuant to Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45(g); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983); *McAllister v. St. Louis Rams, LLC*, 2018 WL 6164281, at *2 n.4 (C.D. Cal. July 2, 2018) ("Rule 45 is the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum" (citing *Pennwalt Corp.*, 708 F.2d at 494)). Under Rule 45, a court may exercise its contempt powers when a person who has been served with a subpoena "fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Contempt sanctions are among a court's inherent powers. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Ochoa v. Lopez*, 2016 WL 9712071, at *1 (C.D. Cal. June 20, 2016) ("A court has inherent power to enforce its orders by holding those who violate those orders in civil contempt and issuing corresponding sanctions." (citing *Shillitani*, 384 U.S. at 370)). The district court has wide latitude in determining if there has been contemptuous defiance of one of the court's orders. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Defendant County of Kern served Mr. McGee with a deposition subpoena twice, Mr. McGee was first served on October 5, 2021, for a deposition scheduled to occur on October 13, 2021, at 1:00 p.m. (ECF No. 32-1 at 7-9), and he was served again on February 27, 2022, for a deposition scheduled to occur on March 11, 2022, at 1:00 p.m. (ECF No. 32-1 at 23-26). However, Mr. McGee did not appear at either deposition as required by the subpoena. (ECF No. 32 at 3; ECF No. 32-1 at 12-21, 28-37).

"Generally, the minimum sanction necessary to obtain compliance is to be imposed[,]" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992), and nonparties are not sanctioned for failure to comply with a subpoena in the absence of an enforcement order, Fed. R. Civ. P. 45(g), Advisory Committee Notes, 2013 Amendments ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . ."). Defendant requests an order to show cause why a contempt citation should not issue to Mr. McGee. In light of

the foregoing, the Court will order Mr. McGee to show cause why contempt sanctions should not be imposed for his failure to comply with the subpoenas served on him. *See Long v. Doe*, 2021 U.S. Dist. LEXIS 14568, at *2 (E.D. Cal. Jan. 26, 2021).

### B. Modification of Scheduling Order

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4).

The County represents that it has made multiple attempts to contact Mr. McGee and depose him, including attempts to accommodate him. For example, after Defendant was informed that Mr. McGee does not function well in the mornings, the deposition was set to occur in the afternoon (ECF No. 32 at 3; Hamilton Decl. ¶ 4), and Defendant also set the deposition location in the same zip code as Mr. McGee (ECF No. 32 at 3; Hamilton Decl. ¶ 5). After Mr. McGee failed to appear at the deposition scheduled for October 13, 2021, the County made further attempts to contact Mr. McGee; however, Mr. McGee again did not appear at the second deposition scheduled for March 11, 2022. Defendant reports that Ms. Urner, who claims to be Mr. McGee's mother, contacted the County and stated that Mr. McGee intends to comply with the subpoena, but is and has been ill. (ECF No. 32 at 5). The County reports that it will continue to attempt to contact Mr. McGee directly and through Ms. Urner and make reasonable accommodations for his deposition. (*Id.*) The County requests an additional sixty days to allow for the deposition to take place. (*Id.*)

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Defendant has been diligent under Rule 16 in its efforts to depose Mr. McGee and to seek the amendment. Mr. McGee's

4

noncompliance with the deposition subpoenas served on him could not have been reasonably foreseen. Accordingly, the Court will grant the motion to amend the scheduling order.

### III.   Order

Accordingly, the Court **ORDERS** as follows:

1. Justin McGee SHALL show cause in writing within **fourteen days** from the date of service of this Order why contempt sanctions should not be imposed for his failure to comply with the deposition subpoenas served on him on October 5, 2021 and February 27, 2021;

2. Defendant's motion to amend the scheduling order is GRANTED and the deadline for non-expert discovery is extended to **May 30, 2022**; and

3. The Clerk of Court is DIRECTED to mail a copy of this Order to: Justin McGee, 548 Willow Drive, Bakersfield, CA 93308.

IT IS SO ORDERED.

Dated:   **April 13, 2022**            /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5