UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01544-BAK<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SEAL<br><br>(ECF No. 49) |

    Before the Court is Defendants County of Kern, Thomas Craig, and Miguel Orozco's ("Defendants") request to seal certain exhibits filed in support of their pending motion for summary judgment. (ECF No. 49.) The documents to be sealed consist of 244 pages and contain Plaintiff Jane Doe's ("Plaintiff") true name or clear references to her identity. (*Id.* at 2.) For the following reasons, the Court will grant Defendants' request to seal.

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by

1

showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon,* 435 U.S. at 599.[1]

Here, the Court finds that Defendants have made an adequate showing that there are compelling reasons for sealing the exhibits referencing Jane Doe's true name and identity. Allegations identifying an individual as a confidential informant are highly sensitive and have the potential to harm that individual whether those allegations are proven to be true. (*See* ECF No. 17 at 2.) Thus, there are compelling reasons for maintaining confidentiality of the information at issue given the potential harm that may result from public disclosure. Additionally, Plaintiff has not submitted an opposition to the motion and the time to do so has expired. *See* E.D. Cal. L.R.

---

[1] The Ninth Circuit has also "carved out an exception," *Foltz,* 331 F.3d at 1135, to the strong preference for public access for sealed materials attached to a discovery motion unrelated to the merits of a case, *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213–14 (9th Cir.2002). Under this exception, a party need only satisfy the less exacting "good cause" standard. *Foltz,* 331 F.3d at 1135. The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders," and thereby undermine Rule 26(c). *Phillips,* 307 F.3d at 1213; *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984) (explaining that discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."). In determining whether to apply the presumptive "compelling reasons" standard or the "good cause" exception, the focus is on "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). Here, the parties do not address which standard applies to their request to seal. (*See* ECF No. 49.) However, in light of the nature of the motion and the relief requested, the Court finds that the motion for summary judgment is more than tangentially related to the merits of the case and therefore the "compelling reasons" standard applies.

141(c). Further, the Court finds that the request is sufficiently narrowly tailored as it is limited to those documents that contain information regarding Plaintiff's identity.

The Court notes that Defendants previously filed redacted versions of the documents at issue in connection with their motion for summary judgment. (ECF Nos. 43, 49.) However, pursuant to Local Rule 140, redactions are generally not permitted unless the Court has authorized the redaction. *See* E.D. Cal. L.R. 140(b). The Court's order sealing the complaint and the stipulated protective order do not authorize redactions of Plaintiff's identity without court approval. (*See* ECF Nos. 17, 21.) However, for the same reasons discussed above, the Court finds redaction of Plaintiff's identifying information in the publicly-filed versions of the documents at issue is appropriate and will therefore authorize Defendants to file redacted versions of the sealed documents nunc pro tunc. Counsel is reminded to obtain prior court approval for any future redactions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to seal (ECF No. 49) is GRANTED;
2. The following documents shall be filed and maintained under seal:

| |
|---|
| Declaration of James Money (001 - 002); |
| Declaration of Christina Lostaunau (003 - 004); |
| Declaration of Bess Rutter (005 - 006); |
| Declaration of Thomas Craig (007 - 009); |
| Declaration of Declaration of Miguel Orozco (010 - 011); |
| Declaration of Tammy Olinger (012 - 014); |
| Declaration of Jessika Zavala (015 - 016); |
| Declaration of Mex Mendoza (017 - 018); |
| Exhibit B (Call for Service Detail Report) (019 - 026); |
| Exhibit C (Audio from Dispatch) (thumb drive) (027); |
| Exhibit D (December 23, 2019 Report by Deputy Craig) (028 - 036); |
| Exhibit E (December 23, 2019 Report by Deputy Orozco) (037 - 041); |
| Exhibit F (Deputy Orozco's Body Worn Camera Footage)      (thumb drive) (042); |
| Exhibit G (Deputy Zavala's Body Worn Camera Footage)      (thumb drive) (043); |
| Exhibit H (Audio of Sr. Deputy Money's Interview with Plaintiff)  (thumb drive) (044); |
| Exhibit I (Transcript of Sr. Deputy Money's Interview with Plaintiff)     (045 – 114); |

| |
|---|
| Exhibit J (Plaintiff's Responses to County's Requests for Admission, Set Two) (115 - 121); |
| Exhibit K (Deposition Transcript of Plaintiff) (122 – 153); |
| Exhibit M (Deposition Transcript of Ludim Vielman) (154 - 168); |
| Exhibit N (Deposition Transcript of Mariam Vielman) (169 - 182); |
| Exhibit O (Deposition Transcript of Sharandeep Brar) (183 - 190); |
| Exhibit P (Kern Behavioral Health and Recovery Services Records)    (191 - 244); |

3. Defendants are authorized nunc pro tunc to file redacted versions of the above documents in connection with their motion for summary judgment (*see* ECF No. 45); and

4. Counsel shall comply with the procedures described in Local Rule 141(e)(2)(i) regarding disposition of the documents for sealing.

IT IS SO ORDERED.

Dated: **July 12, 2022**              /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4